Melanie M. Laboy, #021693
**MAYESTELLES PLLC**
3636 N. Central, Ste. 1000
Phoenix, Arizona 85012
Telephone: 602.714.7900
Fax: 602-357-3037
courts@mayestelles.com
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Yibran Lopez Rosales,<br><br>    Defendant. | Case No. **2:20-cr-00744GMS**<br><br>**DEFENDANTS OBJECTION TO DRAFT PRESENTENCE REPORT** |

Defendant, through Counsel, respectfully submits our objections to the draft presentence report (PSR) submitted on June 16, 2022. These objections pertain to paragraph 25 on page 6 of the draft report for adjustment for role in offense. The draft PSR indicates that there should be 0 adjustment for role in offense. Defense believes that Mr. Rosales should be considered as a minor/minimal participant in this offense and therefore should receive anywhere between a 2-4 level reduction, moving his total offense level from a 21 to a range of between 17-19, resulting in a range between 24-37 months.

This objection is based upon the facts as outlined in the case and Defendant's minimal role and factors as outlined in USSG 3B1.2. In the reports Mr. Rosales is investigated by ATF in 2019 for the purchase of a rifle in 2019 from Shooter's World. He pays approximately $9,000 for the weapon. Upon contact with ATF, he admits to purchasing the firearm for a friend of his, Poli, that he met in Mexico at Poli's request. He indicated that he would be paid $1,500 for the transaction. Mr. Rosales agreed to do this because he was out of work and behind on his bills, a decision is not proud of. ATF then did further investigation

and found that 3 additional weapons were purchased by Mr. Rosales in April of 2019, similar in nature to the weapon at Shooter's World.  Mr. Rosales admitted that as to at least one of the weapons he was paid $500.  Mr. Rosales was cooperative with agents during the investigation.

The factors as outlined under the sentencing guidelines as it pertains to a minor/minimal participant are largely based on the facts of any case. For a minimal participant role, a decrease of 4 levels is allotted, and for a minor participant role a decrease of 2 levels is given, if the case falls between the two then an adjustment of 3 levels is recommended. See USSG 3B1.2.

Some of the factors to be considered by the Court are as follows: (i) the degree to which the defendant understood the scope and structure of the criminal activity, (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (and)(v) the degree to which the defendant stood to benefit from the criminal activity.

In looking at the non-exhaustive list above and applying them to Mr. Rosales facts we would like the Court to consider the following.  There is no evidence to support the assertion that he understood the full scope of what was going on, he agreed to buy some weapons for his friend, beyond that he did not know what Poli's or anyone else's plans were regarding the guns; it is clear he was not a planner or organizer in any way, he was a small piece in the puzzle and was used to purchase the weapon because of his ability/status to do so, he was paid a minimal amount to assist; there is no evidence to show he had any decision making power, he was told what to buy and where to buy it, then told exactly what to do with the weapon afterwards, he had zero discretion. The defendant was found to have purchased in total 4 weapons, he was directed as to every step and had zero responsibility beyond that.

Mr. Rosales was paid a total of approximately $2,000 to buy these guns and give them to his "director" Poli. Based upon all the factors outlined it is clear he was a minimal participant n this offense, he was a tool used by the Mexican Cartel to get guns. They preyed upon the fact that he needed money and exploited that fact to the best of their ability. Mr. Rosales had no participation beyond the purchase of the firearm. He should be given a 4-level reduction for his minimal role in this operation. We respectfully object to the draft PSR and its 0-level reduction for role in this offense and would ask for the 4-level decrease for minimal participant role.

RESPECTFULLY SUBMITTED this 27th day of June 2022.

**MAYESTELLES PLLC**

By: /s/ Melanie M. Laboy
Melanie Laboy
*Attorney for Defendant*

I hereby certify that on June 27, 2022, I electronically transmitted the attached document of the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registered CM/ECF registrant(s):

AUSA Ryan Powell
Assistant United States Attorney
*Attorney for the United States of America*

By: /s/ Melanie M. Laboy
Melanie Laboy